UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**CARRIE F. MEYER,**

CASE NO.: **3:12-bk-02311-JAF**
**CHAPTER 13**

Debtor.

## ORDER GRANTING ADEQUATE PROTECTION

This case is before the Court upon a Motion for Relief from Stay or for Adequate Protection (Docket No. 50) filed by **FREEDOM ROAD FINANCIAL** (Movant). Upon consent of the Debtor, it is

**ORDERED :**

1. Movant holds a valid lien encumbering the 2008 Triumph Rocket III Tour, VIN #SMTC05LRX8J340929, in which the Debtor has an interest.

2. Movant is entitled to receive direct adequate protection payments to be disbursed by the Trustee in the amount of $265.61 per month.

3. In accordance with the General Order of October 24, 2005, the Standing Chapter 13 Trustee shall pay to Movant the sum of $265.61 from each payment received from the Debtor after the date of this Order until further Order of this Court. The Trustee shall send payments to the following address:

**FREEDOM ROAD FINANCIAL
C/O ROLFE & LOBELLO, P.A.
POST OFFICE BOX 4400
JACKSONVILLE, FLORIDA 32201-4400**

4. The Debtor shall be in compliance with this Order by timely making all interim Plan payments to the Trustee, except that a higher interim payment may be required if the Plan payment is not sufficient to provide for court-ordered adequate protection payments and payments to unsecured creditors as set forth in the Plan. In the event that a higher interim payment than that set forth in the Plan is required by the Trustee,

he shall so indicate in the written response that he files to the Motion for Relief from Stay or for Adequate Protection.

5. The Debtor shall be in default under this Order if he/she fails to make any interim Plan payment not excused by Court order and does not cure such default within ten (10) days.

6. The Debtor shall maintain continuous insurance coverage on the collateral naming Movant as loss payee.

7. An order lifting the stay may be entered without further hearing ten (10) days after the Trustee or Movant files an affidavit of default, a copy of which must be served on Debtor or Debtor's counsel. In the event that the affidavit of default is filed by Movant rather than the Trustee, it must state with particularity that information that the Debtor is not in compliance with this Order was provided by the Trustee's office on a date stated in the Affidavit.

8. The Order shall be entered unless the Debtor has responded with a counter-affidavit or unsworn declaration under penalty of perjury to the effect that the most recently due interim payment was actually made to the Trustee no later than ten (10) days after its due date. No other form of response will be entertained.

9. Any order lifting the stay pursuant to this Order following the filing of an affidavit of default by any party shall be set aside without hearing upon the filing by the Trustee of statement that the Debtor has, in fact, at all times been in compliance with this Order, and that the stay was lifted in error.

10. In the event that a plan is confirmed by the Court, all interim payments will be applied to confirmed plan payments.

**ORDERED** this __10__ day of July, 2012, in Jacksonville, Florida.

JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:

Thomas Lobello, III, Attorney for Movant, Post Office Box 4400, Jacksonville, Florida 32201-4400;
Shimene Shepard-Ryan, Attorney for Debtor, 112 Orange Avenue, Suite 202, Daytona Beach, Florida 32114;
Douglas W. Neway, Trustee, Post Office Box 4308, Jacksonville, Florida 32201;
Carrie F. Meyer, Debtor, 18 Lieberry Path, Palm Coast, Florida 32164.